*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

DAIRA MCDOWELL, TERRICA ALONZO-
MARSHALL, DETWAN HALL, ESURANCE
INSURANCE COMPANY, and DWIGHT
HARVEY,

        Defendants-Appellees.

UNPUBLISHED
July 23, 2026
9:18 AM

No. 373228
Wayne Circuit Court
LC No. 23-008181-CK

Before: MARIANI, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Plaintiff, Progressive Marathon Insurance Company (Progressive), appeals as of right the trial court's order clarifying its prior order denying Progressive's motion for reconsideration. However, rather than challenge any of the orders that were at issue in the present case, Progressive actually challenges an order that was entered in another case, which was never consolidated with the present case. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This dispute over personal protection insurance (PIP) benefits arises out of a collision between a motor vehicle owned by defendant, Dwight Harvey, insured by Progressive, and driven by defendant, Daira McDowell, on the one hand, and a three-wheeled motorcycle insured by defendant, Esurance Insurance Company (Esurance), and driven by defendant, Detwan Hall, with defendant, Terrica Alonzo-Marshall, riding as his passenger, on the other. On June 26, 2023, Progressive filed a complaint seeking declaratory judgment, alleging that its policy insuring Harvey's vehicle had been rescinded after Progressive learned that he had made material misrepresentations in connection with his application for insurance.

-1-

The case proceeded to discovery and on February 23, 2024, Esurance moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that, even if Progressive was entitled to rescind Harvey's policy, Hall and Alonzo-Marshall are innocent third parties who should not be negatively impacted by that rescission pursuant to *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405, 414-415; 952 NW2d 586 (2020). On April 26, 2024, Progressive filed a response to the motion filed by Esurance, as well as a cross-motion for summary disposition arguing that it owed no coverage in the present case due to fraudulent misrepresentations made by its insured. Progressive also argued that it owed no coverage for allowable expenses for reasonably necessary products, services, and accommodations for any injured person's care, recovery, or rehabilitation (allowable expenses) arising out of the subject accident because Harvey opted out of such coverage, i.e., because of an allowable expense opt-out contained in the policy.

In four other Wayne County Circuit Court civil actions arising out of the same accident, consolidated below and assigned to the same trial judge (the consolidated case),[1] Esurance moved for summary disposition on February 21, 2024. Progressive then filed a response to that motion as well as a cross-motion for summary disposition on April 26, 2024, in which it made the same arguments that it made in the instant case.

On the morning of May 3, 2024, the trial court called case number 23-005103-NF, the consolidated case. Although there was no order consolidating the present case with the consolidated case, it is clear that the trial court considered the motions and cross-motions for summary disposition in both the consolidated case and the present case at the hearing.[2] Counsel for Progressive started the hearing by arguing that Progressive owed no coverage for allowable expenses as a result of Harvey having opted out of those benefits, and that the policy was properly rescinded due to fraud. Counsel for Esurance agreed that the Progressive policy contained an allowable expenses opt-out for Harvey, but noted that it contained $250,000 in allowable expense coverage for others, including Hall and Alonzo-Marshall, and argued that rescission of the Progressive policy was inappropriate because Hall and Alonzo-Marshall were innocent parties who had nothing to do with procuring the Progressive policy. Counsel for Progressive responded by arguing that Progressive could not be responsible for payment of any allowable expenses in this matter because the subject policy contained an opt-out for those benefits, meaning that Progressive was statutorily barred from accepting a premium for such coverage. The trial court then found that the opt-out provision applies to the person signing the contract, but does not apply to or bind innocent third parties.

Counsel for Alonzo-Marshall then asked the court what the policy limit for allowable expenses would be. After the trial court suggested that there would be no policy limits, counsel for Progressive responded, arguing that, if the court were to determine that Progressive owed coverage for allowable expenses, it would be capped at $250,000. The court closed the hearing

---

[1] In consolidating the four cases, the trial court deemed lower court case number 23-005103-NF to be the "controlling" case, and all future references to the consolidated case refer to Wayne County Circuit Court case number 23-005103-NF.

[2] The notice of hearing for Esurance's motion for summary disposition in the present case stated that it would take place on May 3, 2024 at 10:00 a.m.

by indicating that it would allow supplemental briefing by May 10, 2024 on the issue of whether such coverage would be unlimited or subject to a $250,000 cap with replies, if any, by Progressive being due by May 17, 2024.

On May 6, 2024, the court entered an order denying Progressive's cross-motion for summary disposition in the consolidated case, allowing the parties who were seeking benefits to file supplemental briefs on the issue of the limits for allowable expense coverage under the Progressive policy by May 10, 2024, and allowing Progressive to file replies to any supplemental briefs by May 14, 2024. Alonzo-Marshall filed a timely supplemental brief, but Progressive did not file a reply.

On May 28, 2024, Progressive filed a motion for reconsideration of the trial court's order in the consolidated case. On July 9, 2024, the trial court granted in part and denied in part Progressive's motion for reconsideration in the consolidated case, holding that the motion was granted to the extent that the policy did not provide any coverage for allowable expenses. Alonzo-Marshall moved for reconsideration of that order. On August 29, 2024, the trial court entered an order in the consolidated case holding that the plaintiffs' medical bills (i.e., allowable expenses) are not subject to the limitations contained in Harvey's policy (but rather, those limitations are only applicable to Harvey), and therefore deeming Alonzo-Marshall's motion for reconsideration to be moot.

Turning to the present case, on May 6, 2024, the trial court entered an order granting Esurance's motion for summary disposition, stating the Progressive was the insurance carrier first in order of priority for Hall and Alonzo-Marshall's PIP benefits, and entitling Esurance to be reimbursed by Progressive for any benefits it paid to or on behalf of Hall or Alonzo-Marshall arising out of the subject accident. That order made no mention of any limitation on the amount of coverage available for allowable expenses (or supplemental briefing thereon).

Progressive filed a motion for reconsideration of the court's May 6, 2024 order in the present case, arguing that: it was entitled to rescind the subject insurance policy because Harvey procured it through fraud; the court was required to perform a balancing of the equities as to Hall and Alonzo-Marshall under *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018); and such an analysis favored shifting the burden to an alternative insurer that was not defrauded, i.e., Esurance. Progressive made no argument that PIP coverage was barred because of Harvey's opt-out in the reconsideration motion. Instead, it argued that such coverage was limited to $250,000. In a September 4, 2024 order denying the motion for reconsideration in the present case, the court stated that Hall and Alonzo-Marshall sought PIP benefits arising out of the subject accident in the consolidated case, which the court noted *was not* consolidated with the present case. The order further denied the motion for reconsideration in the present case because, *inter alia*, rescission as to Hall and Alonzo-Marshall would be inequitable under *Pioneer State*'s five-factor analysis,[3] and because Progressive had not demonstrated a palpable error by which the court was misled or that a different disposition must result from the correction of the error. Finally, the order stated it was not a final order and did not close the case. Importantly, the trial court made no ruling on the issue

---

[3] *Pioneer State*, 331 Mich App at 405, 414-415.

of whether allowable expense coverage was unlimited, which was never briefed in the present case until it was raised in Progressive's motion for reconsideration.

On September 19, 2024, Progressive filed an application for leave to appeal the August 29, 2024 decision in the consolidated case, which was denied by this Court. *Hall v Esurance Prop and Cas Ins Co*, unpublished order of the Court of Appeals, entered January 31, 2025 (Docket No. 372565).

On September 29, 2024, Progressive filed a motion requesting clarification of the September 4, 2024 order in the present case, including clarification as to whether that order's denial of its cross-motion for summary disposition applied to its obligation to defend and indemnify Harvey and McDowell as it pertained to third-party bodily injury claims, and whether it was a final order.

On October 17, 2024, the trial court entered a final order in the present case, granting Progressive's motion for reconsideration in part and denying it in part. The order clarified that rescission of the policy was ineffective as to Progressive's "PIP obligations, bodily injury obligations, and duty to defend and indemnify Harvey and McDowell." Progressive then filed a timely claim of appeal from that order.

On appeal in the instant case, Progressive concedes that rescission of Harvey's policy does not affect Hall and Alonzo-Marshall's entitlement to PIP benefits under that policy as innocent third parties in light of the Michigan Supreme Court's decision in *Bazzi*; however, Progressive now argues that the policy's $250,000 limit in coverage for allowable expenses nonetheless applies to those claims and that the trial court erred by holding that the coverage was unlimited. We find that the issue presented was not properly preserved in the present case; however, even assuming that the issue was preserved, we hold that the trial court did not err because it never entered an order ruling on that issue in the present case.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Under MCR 2.116(C)(10), "a party may move for dismissal of a claim on the ground that there is no genuine issue with respect to any material fact and the moving party is entitled to judgement as a matter of law." *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). "The moving party must specifically identify the undisputed factual issues and support its position with documentary evidence." *Id*. When an MCR 2.116(C)(10) motion is made and supported in this way by the moving party, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). A court reviewing a motion brought under MCR 2.116(C)(10) "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Dextrom*, 287 Mich App at 415-416.

## III. ANALYSIS

Progressive's sole issue raised on appeal in the present case is whether the trial court erred by holding that the subject policy of insurance provides unlimited coverage for allowable expenses. Progressive's argument fails for two reasons. First, the trial court never held in the present case that the policy of insurance allowed for unlimited coverage for allowable expenses, but rather, only made that holding in the consolidated case. Second, Progressive never sought relief on that issue in the present declaratory action, meaning that it is not preserved for appeal.

We will start by addressing the second issue. This Court is required to apply the raise-or-waive rule in civil cases. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294; 14 NW3d 472 (2023). "To preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court." *Id*. at 289. "Moreover, the moving party must show that the same basis for the error claimed on appeal was brought to the trial court's attention." *Id*. An issue raised for the first time in a motion for reconsideration is not preserved for appeal. *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019).

Progressive filed a complaint in this case seeking entry of a declaratory judgment determining the rights of the parties, concluding that the policy was properly rescinded, and that it owed no insurance coverage in this matter, including PIP, collision, defense, indemnity, or any other coverages connected to the April 24, 2022 accident. The complaint contains no allegations that PIP coverage is limited to $250,000 and there is no request for the trial court to enter a judgment declaring that PIP coverage is limited to $250,000.

Progressive argues that the issue of the amount of coverage available for allowable expenses was raised during the May 3, 2024 hearing on the motions and cross-motions for summary disposition respectively filed by Esurance and Progressive in the consolidated case and the present case. The record supports that counsel for Esurance and counsel for Alonzo-Marshall each raised this issue at the hearing and that counsel for Progressive argued that any allowable expense coverage for Alonzo-Marshall and Hall would not be unlimited, i.e., Progressive argued that, if the court determined that Alonzo-Marshall and Hall were entitled to coverage, allowable expenses would be capped at $250,000. But Progressive never moved the court to amend its complaint in this case to seek a declaratory judgment that coverage for allowable expenses was capped at $250,000. As a result, that issue was never before the lower court in the declaratory action and Progressive has waived the issue on appeal in the present case.[4] *Tolas Oil*, 347 Mich App at 289; *George*, 329 Mich App at 454.

However, even if we deemed this issue to be preserved, on the basis that it was argued by Progressive during the May 3, 2024 hearing, there was no order entered in the present case holding that coverage for allowable expenses as to Alonzo-Marshall and Hall is unlimited. Progressive has attached a copy of the court's order from the consolidated case, which indicates that such an

---

[4] To be clear, this Court does not possess the lower court record for the consolidated case and we express no opinion as to whether Progressive may raise this issue in an appeal in the consolidated case.

order was entered there, but no such order is contained in the lower court record in the present case.[5]

> Generally, this Court will not review issues that were not raised and decided by the trial court. However, there are exceptions to this general rule. This Court will review issues not raised below if a miscarriage of justice will result from a failure to pass on them, or if the question is one of law and all the facts necessary for its resolution have been presented, or where necessary for a proper determination of the case. [*Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 628; 692 NW2d 388 (2004) (quotations marks and citation omitted).]

Again, in the present case, the issue regarding the amount of coverage for allowable expenses was never decided by the trial court. Certainly, all of the facts necessary for such a determination are not available in the present case because the issue was never even briefed in this matter. As previously noted, we do not have the lower court record for the consolidated case, but the issue likewise does not appear to have been adequately briefed in that matter. Based upon the record before us, it appears that the issue was first raised at the May 3, 2024 hearing, that the court allowed the parties who were seeking insurance benefits seven days to brief the issue in the consolidated case, and allowed Progressive another seven days to reply to those briefs in that case. One of the parties in the consolidated case filed a very short brief on that issue, but Progressive never replied. Instead, Progressive filed a motion for reconsideration of the court's order in the consolidated case. The trial court initially granted Progressive's motion for reconsideration in that case, but subsequently vacated its order, holding that allowable expense coverage was unlimited. If Progressive wished to appeal that ruling, it could have done so via a claim of appeal at the conclusion of the consolidated case.[6] Thus, it cannot be said that any of the exceptions to the general rule discussed in *Blackburne* apply here, i.e., no miscarriage of justice will result from this Court's refusal to pass on an order entered in a separate case that was not consolidated with the instant case when this Court does not have all the facts necessary for the issue's resolution, and resolution of that issue is not necessary to the proper determination of the present case because Progressive had the opportunity to properly address it in the case in which the order actually entered, i.e., the consolidated case.

In summary, Progressive was aware that the proper case in which to appeal the trial court's order regarding unlimited allowable expense coverage was the consolidated case, Wayne County Circuit Court case number 23-005103-NF, as evidenced by the application for leave to appeal that it filed in that case. Progressive was likewise aware that the present case was not consolidated with case number 23-005103-NF. While the application for leave to appeal was pending in the consolidated case, plaintiff filed the claim of appeal in the present case. But instead of challenging the dispositive order that was actually entered in the present case, which was the order granting summary disposition to Esurance in the priority dispute, plaintiff challenged the above-referenced

---

[5] We note that "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).

[6] Because this Court does not possess the lower court record in the consolidated case, it is unknown as to whether Progressive can file a timely claim of appeal in the consolidated case.

order entered in the consolidated case. In other words, rather than file an appeal of right following the completion of the consolidated case, plaintiff attempts to appeal an order from the consolidated case in the present case. But this Court cannot find that the trial court erred in the present case on the basis of an order that was entered in a separate matter that was not consolidated with this case. See *Tolas Oil*, 347 Mich App at 289; *George*, 329 Mich App at 454.

Affirmed.

/s/ Philip P. Mariani
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace